Your Honor, the first case of the morning is called People v. Dominick v. Bochenek on behalf of Mr. Bochenek, Brian G. Lesser, on behalf of People, Mr. Issa A. N. Paul.  Good morning, Your Honor. Counsel, may it please the Court, my name is Brian Lesser. I'm with the law firm of Edelman, Combs, Waxman, and Goodwin, and I'm representing Mr. Dominick Bochenek this morning. Mr. Bochenek was convicted of one count of identity theft following a trial with six jurors and the presentment of other crimes evidence. His argument, first and foremost, is that DuPage County lacked venue for this prosecution. So I'm going to lay this argument out as linearly as I can. Well, he argued that the statute was unconstitutional. Yes, Your Honor, the statute. And he didn't ask for an instruction, a venue instruction at trial, did he? He filed a motion to dismiss. But he did not ask for a venue instruction to instruct the jury on venue, correct? I don't think the jury was asked to make any finding on whether or not they had proper venue, no, Your Honor. Okay. You're making a facial challenge, correct? Yes, Your Honor. So we're arguing that the statute was unconstitutional because the Illinois Constitution grants defendants a right to be tried by a, quote, impartial jury of the county in which the offense is alleged to have been committed. And the state does not contest that defendants have this right in their brief. I don't think they would contest it today that defendants have a right to be tried in the county where the offense is alleged to have occurred. And so the question is, did identity theft as charged under Section A1 occur in the county where the victim resides? Our argument is no, it did not, and therefore the statute conveying venue is unconstitutional. Now, how about the special venue provision for the identity theft? Yes, there's three provisions for identity theft venue, one being where the offense occurred, two being where the information used to commit the offense was illegally used, and three where the victim resides. That third provision is what is at issue here today. Well, you know, if you think about it, we've come a long way as a society with respect to the commission of offenses, if you will. Before, you had to go out and commit an offense. Now you could do it from your laptop in your family room. So isn't that something that really requires a change in venue with respect to identity theft? And I think that that does tie into kind of the legislative intent and why they adopted this statute. But I don't think it holds when you're applying the actual elements of the offense. There are other forms of identity theft. I think there's seven different types laid out in the statute with different elements. Sections A3 and A4 specifically include where the information is obtained from, where the identified information was taken from. Who is the person harmed by identity theft? Well, in this case, Mr. Anthony Fatigata. The victim, correct? Yes. And, you know, if we were to hold that the venue statute for identity theft is unconstitutional, we'd have to also look at other venue provisions that provide for trying a case outside of the county where the acts occurred. For example, the provision in the criminal code where the assailant lives in a county different than the victim can be tried in either county. For example, solicitation of murder for hire. Cases like that. But I think that if you look at any of those instances. That would apply to all those. Your argument would apply to all those. I don't think so, Your Honor. I think if you look at all those instances, it would be tied to one of the elements of the offense as it was alleged. There would always be some kind of effect involved in the actual elements. But, Mr. Legislature, let me go back to the intent of the legislature. So you have somebody who is, who obtained someone's information however they got it. And they're on their couch in their family room ordering something. Is the person whose identity was taken required to travel to wherever this person is or travel to wherever they made the purchase? Wouldn't it be inconvenient for the already victim to have to travel around the world because of your interpretation of the statute? Well, Your Honor, I think it depends on the type of identity theft. It may be inconvenient for the victim. But that's not what the Constitution requires. It has to be tied to the actual criminal conduct at issue. So various other forms of identity theft include where the information is obtained from. In which case, spending probably would be proper in the county where the victim resides because it's tied to one of the elements. Here, under A1, the only elements are that the identity theft occurs when he knowingly, quote, uses any personal identifying information or personal identification document of another person to fraudulently obtain credit, money, goods, services, or other property. So defense only occurs where the identifying information is, one, used, and, two, where the goods are fraudulently obtained. With the prejudice to the defendant. What's the prejudice to the defendant? There often is, based on being tried in a county where the criminal conduct has no ties. Sometimes the evidence might not be there, the relevant evidence at issue. But you acknowledge that the person harmed is the victim. And your identity is with you wherever you are. So why is it unconstitutional to say a trial for identity theft can occur in a county where the acts took place, or in a county where the victim who is harmed resides, for convenience of the victim? Well, convenience of the victim I don't think is a legal basis for conveying banking. I think that's unconstitutional. You think that, but... I think that's what the law provides, Your Honor, based on the Constitution of Illinois. That if, say, someone who lives and works in Springfield was in Chicago and they got shot, the effects of the crime and the corrective actions would need to be taken in Springfield. The harm of the victim would be in Springfield, but that wouldn't be a proper venue for prosecution. An element of the offense is that the person has taken and is using the victim's identity. Under A3 and A4 that is correct, under A1 it is not. But for every identity theft, regardless of the person who is harmed, is the victim, that's their identity that's being used, correct? Yes, both the identity and documents are being used, yes. Whether it's documents or not, whether it's just somebody saying, I am so-and-so, here's my date of birth, here's my Social Security number, and the victim resides in Timbuktu, that's still an act that harms that person, correct? Yes, Your Honor. It affects, right? Yes, but again, I would say that the effects of the crime are not a legal basis for conveying banning. That's contrary to the Illinois Constitution, where it has to be tied to the defendant's conduct and the actual elements of the offense. How about convenience for the government for the prosecution? Is that something that can be considered by the General Assembly, so long as it does not prejudice the defendant? I don't think so, Your Honor. I think that there are other civil laws with civil venue that have held that that is not correct. The criminal code provides that criminal action shall be tried in the county where the offense is committed, except as otherwise provided by law. So your argument is that provision is also unconstitutional? To the extent that it conflicts with the Constitution of Illinois, yes, Your Honor. That's Marbury v. Madison. The General Assembly cannot create laws that violate the Constitution, and this Court is supposed to strike it down when they do. Many states have special venue provisions for this type of offense. You cite the Georgia case. Are you aware of any cases that have found this to be unconstitutional? I am not, Your Honor. As far as I know, this is the second real case challenging this argument. And I'd like to suggest that although the Georgia venue provision is similar to ours, their identity theft law is not. They do not have the same seven layouts of identity theft with separate elements. They kind of have more general identity theft law, which under their law where the victim's possessor himself remains would be a more viable argument because they have more general, like you're saying, identity theft in general affects the victim and where his identity would be. But under A1, as alleged here, that's not one of the elements. It's specifically where the information is used and where the goods are obtained. Both of those things in this case occur in Lake County, at a gas station in Lake County. In this case, it's as simple as that. It should have been tried in Lake County. There's no great threat to the public, as the State alleges in their brief. This was a simple matter that just should have been handled in Lake County. Was there a motion to change venue? There was a motion to dismiss based on improper venue, which I think would allow the State to then refile. But there was no motion to change venue. The defendant did not file a motion to change venue, correct? I don't think that burden would fall on the defendant. I think it would fall on the State to file a motion. But either party can file a motion. Would they file a motion to dismiss based on this argument? Yes. Some provisions of identity theft of our law are similar to the Georgia law, correct? I think so, yes. So how is this a facial challenge then? Because the statute says that for identity theft, we've got the special venue provision. And you seem to be arguing that perhaps in the Georgia case, the majority isn't necessarily wrong as it relates to that Georgia statute. So in our case, it wouldn't necessarily be wrong as it relates to portions of the identity theft statute. We are arguing that portions of the identity theft statute might be consistent with the county where the victim resides. But that's not an issue here today. It's only about whether or not charge under Section A-1, it holds us properly. My question is, I'm trying to ferret out where is that a facial challenge versus a blind challenge. Yes, Your Honor. So we're arguing that the statute itself is what is conveying venue here and that that is what is facially in conflict with the Constitution. In all instances applied under A-1, that venue would be proper under the first venue provision where the offense occurred. And the third provision where the victim resides would never be a proper venue as is charged under Section A-1. As far as the Georgia case goes, I think that their logic is just fiction. It's irrelevant to the commission of the offense. It just shouldn't be applied here. But again, I would distinguish it based on matters that aren't really relevant to this case here today. The question is here today, does identity theft as charged under A-1 occur in the county where the victim resides? If not, it violates the Constitution. So it can never. There can be no exception ever under any circumstance. To where the victim resides? Right. I mean, no, the crime, the venue has to reside in the county where the crime is alleged to have occurred. Yes, there is no exception to that. So you're really relying on that dissent in these mazes, stateless mazes? I think they have a better logic in trying to actually tie the venue provisions to the elements of the offense and whether or not the criminal conduct actually occurs there. What about the Victims' Bill of Rights under the Illinois Constitution? Doesn't the General Assembly have an obligation to take into consideration the interests and concerns of the victim of this crime? Of course, Your Honor. I'm not trying to say that the victim is considered at all. Was there a serious burden here on the defendant having to be tried in DuPage County versus Lake County? Well, in this instance, DuPage and Lake County are nearby each other. But again, this is a facial challenge which affects all identities brought under A-1, which affects any number of cases of people from all over the state and potentially even out of the state. And do you have an obligation to show that it's unconstitutional under all circumstances? Under prosecution of A-1, yes, Your Honor, it is. Because the first venue provision where the offense occurred would convey proper venue in all instances. If we were to adopt your argument, then we also would have to be applied to other venue provisions that allows trial, for example, the example I gave earlier, solicitation of murder for hire. The victim lives in Cook County. The defendant solicits that person's murder in DuPage County. You can't try it in DuPage County or you can't try it in Cook County. You have to try it in DuPage County. Is that your argument? No, Your Honor. I mean, I don't know the specifics of the solicitation. I don't think it is. Subsection T, where the assailant lives in one county and the victim lives in another county, the case can be tried in either county. But the place of trial statute was a laundry list of venue conveyances. I don't know the details of each one and the details of each element of solicitation, for example. But you're arguing this point, and my point is that we would have to, this line of reasoning would have to be applied to those other provisions should we adopt your analysis. Subsection T is specific to identity theft, and subsection T3 is what we're charging here. I think that this reasoning would hold for every other aspect of that place of trial statute where they're really not conveying venue to external counties and external locations. They're only clarifying where the offense occurs. That's all that they're doing in all these instances, and here I think they've misclarified it in a way that is unconstitutional. Mr. Lester, did you want to address any other of your issues, or do you want to just stick to this? Well, this is a pretty interesting issue, Your Honor, but we can move on. Yeah, it really is a very interesting issue. There's no further arguments about it. With respect to the 12th member jury, isn't that argument forfeited? Well, it's a matter of plain error because it affects the fundamental fairness and integrity of the judicial process of whether or not the defendant had a proper jury, so I don't think it is forfeited. The defendant has a constitutional right to a jury of 12 unless it is properly waived. That waiver needs to be voluntary, knowing, intelligent, with sufficient awareness of the relevant circumstances and likely consequences. And frankly, here, there was no inquiry into whether or not Mr. Bochnik was aware that he had a right to a jury of 12. Well, the judge said to Mr. Bochnik, and they asked him whether or not he wished to proceed with a six-person jury, and he said yes, and it was his decision, correct? Again, the decision to proceed with a jury of six, yes, because there's nothing in the record that suggests that he was even aware he had a right to a jury of 12. Well, how about when the judge told the jurors that ordinarily we would be selecting 12, but in this case we're selecting six. Was Mr. Bochnik in the courtroom when that occurred? He was in the courtroom, but that's after the waiver occurs. So the waiver's already entered at that point. The jury's already being selected. I think the same thing happened in the Matthews case. And it's never raised again, correct? By trial counsel, it's being raised now. It was never raised in the trial court again, right? Yes, sir. The record is silent. Yeah, about whether or not there's a jury of six or jury of 12, yes. And your suggestion is that you cannot infer from that record that the defendant knew that he had a right to a 12-person jury? Well, I'd argue that this case is pretty on point with the Matthews Court, which is a very similar instance where they just kind of assumed that he had a right to a jury, that he knew he got this right, but the appellate court held that there's nothing in the record showing that he knew about that right, that it wasn't mentioned. In that case, was he asked on the record, do you agree to a jury of six? I don't think he was specifically asked that question. And there's nothing in the record on Matthews that the attorney was speaking to his client about the 12-person or about the six-person jury, correct? Well, he said that he had previously discussed it with his client and that they were requesting a jury of six, just like here. He said he had previously discussed it with his client and requested a jury of six. There's no mention of 12. The judge doesn't say, you are aware of this right. Nothing like that occurred, and therefore, the jury waiver is not knowingly made. Isn't this case more like Harper, though, where you have the attorney talking to the client about the six-person jury and then the court asking the person, asking the defendant about the six-person jury? Well, in Harper, I believe the court specifically admonished the defendant about the right to a 12-person jury. He specifically said on the record, before the jury was entered, you have a right to a jury of 12, essentially. Oh, so your position is, in light of the fact that the court never said, you know, you have the right to a 12-person that you're going to, so the court only said you agree to a six-man jury. Exactly. The court or his counsel could have said it on the record, so nothing is mentioned. Thank you. You'll have time for rebuttal. Ms. Hall. Good morning, Your Honors. May it please the Court, I'm Provost Hoffman, Assistant State Attorney in DuPage County for the People. I will start, with your permission, with just a few thoughts on the constitutionality of the special venue statute. I think that the reasoning in State v. Mays, which is the Georgia case, there was some discussion previously about the fact that the Georgia identity statute may not be identical to our statute. But I think the rationale of that opinion is what the takeaway is and what actually, I think, explains. And actually, the trial court acknowledged this very early on when this issue first came up by saying something to the effect of, you know, isn't this the legislature simply defining what it means to have committed the crime? So what our constitution says is that you have the right to be tried where the crime was committed. And then what the legislature has done in the special venue provisions is they have further defined what it means to commit the crime and, you know, what it means, where it's committed means. And that's what Mays says, and that was their reasoning. As I said, I think the trial court here acknowledged that early on, and I think that's the answer, which is there isn't a conflict between the constitution and the statute. The statute simply complements the constitution. The purpose of the constitutional provision regarding venue is to prevent forum shopping, to prevent the state from being able to say, hey, we'd like to try you down in Marion County because we just feel like it, and make you, you know, it protects the defense, it arguably protects the state in certain instances, and it prevents forum shopping. Is it prejudicial to the defendant to have to go somewhere where the facts of the case, the crux of the case didn't occur? Well, I think the question is the crux of the case. I mean, there are parts of the case, of an identity theft case, that might happen in a variety of places, so hence the ability to try the case in a variety of places. But as I think you observed during my opponent's argument, you know, the times change, crimes change, how do we deal with that? And the legislature can make adjustments for that kind of a thing, and that's what they did here to accommodate the situation where, you know, I might take your credit card, your identity, your, you know, whatever it might be that falls under the statute, and use it any number of places, but your harm comes when you see the bill, or you get a call from your credit card company, and you realize, oh, wait, I didn't even realize that I had lost that card, the card had been copied, or whatever they did. Yeah, but is the effect of the crime, where the effect of the crime? I mean, Kels' argument is that that's not the venue, that's not where the crime was committed, where the effect is felt. Well, actually, I think in this instance, that's what the legislature has said, is that in a situation like identity theft, the crime is committed where the victim resides, because the identity of the victim is always with that victim. So these other statutes, like Georgia, not ours, but like Georgia, that says where the defendant resides or is found, so if she resides, so if I happen to be on vacation in Alaska, and somebody steals my credit card and uses it here, there's a venue in Alaska. Right, and if that's what that legislature, again, I mean, situations where, in our case, the legislature made the statement it did, and our statute says what it says, but other legislatures might be somewhat broader in their definition of where something was committed. And again, when we look at our particular constitutional provision that says we're committed, and then we see our special venue statute, which is making those definitions about what it means where something is committed. Did that answer your question? Yeah, I mean, it just concerns me that if it is a possession of interest and it's where I am, that's where the crime, you know, the effects are felt. If I happen to be in Alaska for six months and somebody steals my credit card and uses it in DuPage County, then there's that, or let's say I live in DuPage and they use it to cook. The venue is in DuPage, and I haven't even been there. I haven't felt the effects of it there yet. Why would it be in the county where I reside? But again, it's where, I guess, if you are in your hypothetical visiting Alaska, that's where the crime occurs. I mean, I would assume for the sake of argument that if you knew about it then and you wanted to take care of it then, Alaska would provide an appropriate, you know, they must have some statute similar. So it could be tried either in where the crime, where he utilized the credit card information, or where the victim is. Again, I'm assuming that where he utilized it, if it isn't here in Illinois. I mean, we know in Illinois it could be, you know, those three different places that the statute is. But assuming that Alaska had a statute that allowed it, obviously, if that's where you learn of it. But if I come home and after my trip and now I'm faced with this bill or phone calls from my credit card company that alert me to this use, well now, I mean, I might have to go to Alaska because that's where this person chose to take my identity, whether physically or by virtue of internet or however it was that they got my information. Illinois is protecting the interests of its citizens by saying, look, here's how we're going to define where something like this is committed. You know, before identity theft statutes were passed, we had forgery. And forgery had to be tried in the county where the acts of forgery occurred, correct? Is there a special venue provision for forgery? I apologize that I'm not going to, I don't know the answer to that. I mean, I should add, obviously, the special venue statute has a number of different provisions. And I don't know off the top of my head if one of those is forgery. But it does not appear from my very quick look at the statute that it is. Can you address the 12-person jury issue? Yes. I think the answer to that lies in the fact that on this record, the court three different times prior to the jury being, to when they're being brought into the court, and then that final time that you referred to during my opponent's argument, the court addresses the fact that they're going to have a six-person jury. It is addressed with the defendant present. The first time is when counsel says, we will be asking for a jury of six. I already spoke to my client about it. That's earlier on. But he never said as opposed to a jury of 12. He does not say that. And then the second time, the court passes the case until the afternoon and repeats that they're going to pick a jury of six. Again, the defendant is present in the courtroom with counsel. And finally, the trial court, when they reconvene at 1.30, once again asks counsel, you've discussed this decision to proceed with six jurors. Counsel says yes. And then the court asks the defendant, and that is your choice. And the defendant responds yes. So it is true that there does not on this record, other than the time when the court states to the jury that they're doing something out of the ordinary because they would normally pick 12. Other than that, there isn't any discussion of a 12-person jury. But there is sufficient case law in Illinois that says that you don't have to be admonished as to your right to a 12-person jury on the record. So in this record, we certainly have record evidence that counsel spoke with his client before they were present in court about this decision. And then, as I said, there are those three times on the record. Is it a reasonable inference or an assumption that the attorney discussed 12 versus 6? I think it's a reasonable assumption because what is the... No, no, no. Reasonable inference or assumption. I'm sorry. I mean, we can use a reasonable inference. I think it's a reasonable inference. So if I said it was reasonable inference. And that's because, in part, because of the language that's used by counsel. I mean, certainly what he says is, I already spoke to my client. We will be asking for a jury of 6. That's something that's, you know, like we will ask for something out of the ordinary. I already spoke to my client about it. Would you need to speak to your client if you were just going to pick 12 as opposed to 6? I mean, you'd be speaking to your client about having a jury. But I think the inference from this record is that counsel had spoken with the defendant, that the defendant had agreed that 6 people was the way that they were going to go. And so I don't think that, on this record, we have any kind of a problem with the jury. How about the other crimes evidence, if you don't mind going there? I mean, how was the Garza evidence necessary to the State or relevant here? Wasn't that just basically tiling on and prejudicial? Well, I think that S was litigated because this was a full litigated motion to eliminate pretrial. And the State said, we want to bring this in for a number of reasons, including intent, identity, absence of mistake or lack of mistake in plan. These were incredibly similar occasions. And they helped to identify the defendant because it was the same black Toyota sedan with the license plate, the defendant and his girlfriend were seen in each of these cases. But in the Garza case, I think what your opponent really brings forth is, okay, maybe it's the same, maybe it might be some of the same behavior, but it was so prejudicial because the woman was on her wedding night or something to that effect. And was that necessary to have to come in? And was that prejudicial because it really tugged at the heartstrings of the jurors? Right. I don't, I guess that I don't think that this was, I mean, the court acknowledged and the people acknowledged in their motion that obviously when you are bringing in evidence of other crimes, that's by its nature prejudicial. The court acknowledged that there was a level of prejudice to putting this evidence on. But in this instance, when you have this kind of a crime where you've got, and maybe lack of mistake is the easiest of the issues to talk about, because in this instance, you know, the defendant says, well, you know, I didn't know because my girlfriend gave me the credit cards. But this is a pattern, and you have a different credit card that is neither yours nor your girlfriend's each time. At some point, even if you didn't understand, you need to get a clue. And so I think that was, you know, the example of how the prejudice and the evidentiary value sort of weighed. And I think that the court made the proper, you know, weighing their pretrial and then made the proper admonishments to the jury about how this would be used. Each time the subject came up, the court admonished the jury, correct? Yes. So I don't think that the prejudice was undue in this instance, even though the evidence was very similar. And obviously, you know, there was a number of different opportunities. If the court's examining further questions, we would ask that you affirm. Thank you.  It was a pleasure. Thank you. I have two quick points of clarification, essentially. The first about the venue provision is that the effects and harm do not convey venue. It needs to be tied to the defendant's actual conduct. And the State cited conspiracy in their brief. But the conspiracy only applies as an effect to justify venue because affecting the object of the conspiracy is an element of conspiracy. So I want to again suggest that that only occurs when it's actually tied to one of the elements. I believe the same would be true for solicitation or any number of the other place of trial venue clarifications. Second, I want to again note that the legislature has some discretion in determining where venue is proper. But they can make venue proper in multiple counties when the crime actually occurs in multiple counties. You'll go through that place of trial statute. Every single one of them will be actually tied to the criminal conduct at issue and just clarifying where the crime actually occurs. But the legislature's discretion in doing this is not unlimited. It is limited by the Constitution. They cannot violate the Constitution doing so. They cannot arbitrarily create venue where they feel it is convenient. And in doing so, they violate the Constitution because the defendant has a right to be tried in the county where the crime is alleged to have occurred. So I'll let Your Honor ask any further questions. Thank you. Thank you. Thank you. The Court thanks both parties for the quality of your arguments today. The case will be taken under advisement and written decision will be issued in due course.